## TURCO PRODUCTS, Inc., v. NOBLES.
### No. 3913.

Court of Civil Appeals of Texas. Amarillo.
Nov. 23, 1932.

Kimbrough & Boyce, of Amarillo, for appellant.

Cooper & Lumpkin, of Amarillo, for appellee.

JACKSON, J.

The appellee, H. A. Nobles, instituted this suit in the district court of Potter county, Tex., against the appellant, Turco Products, Inc., duly and legally incorporated under the laws of California, to recover certain commissions for the alleged sale of a carload of appellant's products.

The appellee alleged that about the 21st of August, 1931, he was employed by the appellant as its distributer for the sale of household products in certain territory in the state of Texas and that by the terms of such employment appellant agreed to pay him certain commissions on the products he sold for it. That he sold, or caused to be sold, under such agreement, a carload of appellant's products to Walker-Smith Grocery Company of Brownwood, Tex., and that by reason of such sale and employment he had earned the sum of $1,180.67 as commissions.

That after the sale was consummated it was confirmed by appellant, and appellee was furnished credit memoranda, which he attached to his petition as exhibits, "by the terms of which the defendant admitted its indebtedness to plaintiff" in the aggregate sum of $1,180.67.

That the contract of employment was partly verbal and partly in writing, and that by reason of the premises he was entitled to recover the sum sued for.

The appellee had a writ of attachment issued and levied on certain property belonging to appellant which it replevied, giving as surety on its bond the Ætna Casualty & Surety Company.

The appellant answered by general demurrer, numerous exceptions, general denial, and alleged that under the terms of the agreement with appellee, he was to be appointed distributer of its products in certain territory in Texas, provided he sold one 60,000# carload of products within sixty days and one 60,000# car or more each sixty days thereafter, the sales to be made to A-1 jobbers only on condition that they discount ten days from date of invoices. That a contract for a period of years was to be executed on the territory when the first order had been delivered and paid for and appellant was satisfied that appellee would push its products with the Texas jobbers. That appellee never sold a carload of appellant's products, but induced it to ship a carload thereof to Walker-Smith Grocery Company of Brownwood, on the representation that he would sell the contents of the car quickly. That he failed to properly work the territory and disposed of but a part of the contents of the car, for which appellant received $579.27, of which amount appellant paid out $577.13 as freight. That appellant was compelled, at the request of Walker-Smith Grocery Company, to take possession of the remainder of the contents of said car, which necessitated that it send representatives to Texas at its own cost and expense to dispose of such remainder. That the credit memoranda attached to appellee's petition were voluntarily sent to him, which was appellant's usual and customary method of keeping its books and did not evidence the amount due appellee for commission, as the freight and other expenses were to be deducted therefrom and the commission was payable after appellant received pay for its

carload of products, all of which appellee knew.

There was but one issue submitted by the court, in response to which the jury found that after the shipment of the car in question to Walker-Smith Grocery Company, the appellee used reasonable efforts to sell such products.

On this finding judgment was rendered that appellee recover from appellant and the Ætna Casualty & Surety Company, as surety, $1,063.33, with interest thereon from January 1, 1932, at the rate of 6 per cent. per annum and costs, from which judgment this appeal is prosecuted.

The appellant assails as erroneous the special issue submitted by the court, because the reasonable efforts of appellee to sell the products was not an issue made by the pleadings and would not sustain a recovery for appellee.

█ The cause of action alleged by appellee was ex contractu and not ex delicto, and he was therefore required to show that he had sold a carload of products to Walker-Smith Grocery Company in compliance with the terms of his contract of employment and the use of reasonable efforts to sell such products would not authorize him to recover and it was error to submit such issue to the jury. Pecos & N. T. Ry. Co. v. Amarillo Street Railway Co. et al. (Tex. Civ. App.) 171 S. W. 1103.

The appellant presents as error the action of the trial court in refusing to submit at its request whether the carload of products shipped to Walker-Smith Grocery Company by appellant was shipped to it on account of the sale thereof or was shipped to it on consignment for sale.

The statement of facts consists of more than 260 pages of oral and deposition testimony and exhibits, and we do not deem it necessary to set out the evidence which raises the issue that the shipment of the carload of Turco products to Walker-Smith Grocery Company was made on consignment rather than on a sale, but content ourselves with stating that after an investigation of the record we think it manifest that the issue was presented by the evidence and should have been submitted to the jury.

█ Appellee contends that appellant, not having pleaded fraud, accident, or mistake, is not entitled to contradict or explain the credit memoranda, though he concedes that appellant was entitled to credit for a freight charge not disclosed by such memoranda.

"Generally speaking, anything said by a party may be used against him as an admission, provided it exhibits the quality of inconsistency with the facts afterwards asserted by him in pleading or in testimony. * * * The rule * * * applies to admissions or declarations against interest contained in written instruments, such as deeds, wills, contracts, promissory notes, letters, pleadings, affidavits, claims for damages, proofs of death under an insurance policy, railroad folders, statement made to a commercial agency, or in an application for membership in a fraternal order." 17 Tex. Jur. 555, § 230.

"Ordinarily admissions or declarations against interest are not conclusive, but are subject to contradiction or explanation by the party against whom they are offered. * * * A party may deny that he made admissions claimed to have been made by him, and parol evidence is admissible to explain documents introduced as admissions without pleading fraud, accident or mistake, when such documents do not vest, pass or extinguish any right in litigation, but are used merely as evidence of the fact and not as evidence of a contract or right." 17 Tex. Jur. 575, § 239.

The appellant by numerous assignments attacks the action of the court in overruling its demurrer and exceptions to plaintiff's petition.

These assignments will not be discussed because, if they present error, the petition can and doubtless will be amended on another trial.

The judgment is reversed, and the cause remanded.